"AMENDEd Complaint"

FILED

# UNITED STATES DISTRICT COURT

2017 MAY -2 PM 12: 14

### for the

### Middle District of Florida

Cl---- -- --------
M-- ----------------
JACKSONVILLE DISTRICT

_____ Division

|  |  |
|---|---|
| Samuel Maldonado <br><br> **Plaintiff(s)** <br> *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* <br><br> -v- <br><br> COUNTY OF DUVAL (JSO D.O.C) A political subdivision, Sheriff Mike Williams, IN his Individual and Official capacities and F.D williams, G.Augustine, J.M. Perkins, and Chaplain, and Does 1.through V in Their Individual and Official capacities <br><br> **Defendant(s)** <br> *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)* | Case No. 3:17-CV-060-J-20JBT <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial Demanded |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name     Samuel Maldonado

All other names by which
you have been known:

ID Number     2017001486

Current Institution     Duval County Jail

Address     500 East Adams Street

    Jacksonville     FL     32202
    *City*     *State*     *Zip Code*

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name     Mike Williams.

Job or Title *(if known)*     Sheriff

Shield Number

Employer     Duval County Jacksonville FL

Address     501 East bay Street

    Jacksonville     FL     32202
    *City*     *State*     *Zip Code*

☑ Individual capacity     ☑ Official capacity

Defendant No. 2

Name     F.D. Williams

Job or Title *(if known)*     D.O.C. Officer     I.T.R

Shield Number

Employer     Duval County Jail, Sheriff office

Address     500 E. Adams Street

    Jacksonville     FL     32202
    *City*     *State*     *Zip Code*

☑ Individual capacity     ☑ Official capacity

**Defendant No. 3**

Name · · · · · · · · · · · · · G. Augustine

Job or Title *(if known)* · · · D.O.C. officer · · · I.T.R

Shield Number

Employer · · · · · · · · · · · Duval county Jail, Sheriff office

Address · · · · · · · · · · · · 500 E. Adams street

Jacksonville · · · · · · · · FL · · · · · · 32202

| City | State | Zip Code |

[✓] Individual capacity · · · [✓] Official capacity

**Defendant No. 4**

(See additional page)

Name · · · · · · · · · · · · · J.M. Perkins

Job or Title *(if known)* · · · D.o.c officer · · · (mail officer)

Shield Number

Employer · · · · · · · · · · · Duval County Jail · Sheriff office

Address · · · · · · · · · · · · 500 E. Adams street

Jacksonville · · · · · · · · FL · · · · · · 32202

| City | State | Zip Code |

[✓] Individual capacity · · · [✓] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[✓] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Violation of Religious land use and Institutionalized Persons Act, First Amendment violation

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Defendant No. 5

Name                               Chaplain

Job or Title (IF Known)            Chaplain of Religious Services

Shield Number

Employer                           Duval County Jail

Address                            500 E Adams St Jacksonville FL 32202

☑ Individual Capacity  ☑ Official Capacity


Defendant No. 6

Name                               Doe 1

Job or title (IF Known)            D.O.C. Officer  I.t.R

Shield Number

Employer                           500 East Adams St Jacksonville FL. 32202

Address                            Duval County Jail

☑ Individual Capacity  ☑ Official Capacity


Defendant No. 7

Name                               Doe 2

Job or title (IF Known)            D.O.C. Officer (Property Room)

Shield Number                      7319

Employer                           Duval County Jail

Address                            500 East Adams St Jacksonville FL. 32202

☑ Individual Capacity  ☑ Official Capacity

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☑ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☐ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

At Duval County Jail 1-17-2017

C.      What date and approximate time did the events giving rise to your claim(s) occur?

1-17-2017

D.      What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Denied my Right to get pictures in the mail of my Family
Denied my Religious Right to get A Religious Prayer Rug or Kufi in the mail
Denied my Religious Right to use A prayer Rug, denied Religious Services,
My Religious Right to were my (Kufi) WAS Violated Etc....

( Please see Attach
For more information )

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

( Please see Attach )

extreme mental and Emotional distress, humiliation, shame, mental anguish, Etc...

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

To Allow All muslims male and Female, to were there Religious coverings and to have there prayer Rugs, to have (Jummah) Religious Services for the muslims, every Friday 1pm to 2:30 pm and muslim class 3 times a week, Halal Food for the muslims, to be able to Fast every Ramadan (Holy Month) and to pray together everyday of the 30 days in the Holy month, to get A Imam chaplain for the Jail,

and to pay 10,000 Dollars For each day that my Religious beliefs to take part in my Faith are Violated. To Allow the muslims to get pictures in the mail of there Family For emotion support and mental Support I Request compensatory, punitive, and nominal damages.

( please see Attach )

**VII.** **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Duval County Jail

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☑ No

☐ Do not know

If yes, which claim(s)?

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.   If you did file a grievance:

1. Where did you file the grievance?

Duval county Jail

2. What did you claim in your grievance?

My Religious head covering beins taken away from me, a Violation's of All my Religious Rights as a muslim, and discrimination

3. What was the result, if any?

i was told That i was not allowed to wear my Religious covers, or have muslim Servuis Etc--- or my prayer Rug

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

Sent 30 Request to chaplain for help, talk to officers, sergeants, Lt, chief "No Help"

F.  If you did not file a grievance:

    1.  If there are any reasons why you did not file a grievance, state them here:

    2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

Ive been Asking for help Sent, 1-17-17 everyday even now, No one knows what to do etc—

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)    _____

Defendant(s)   _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.    Docket or index number

_____

4.    Name of Judge assigned to your case

_____

5.    Approximate date of filing lawsuit

_____

6.    Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition.   _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☑ No

D.      If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

    Plaintiff(s) _____

    Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

    _____

3.  Docket or index number

    _____

4.  Name of Judge assigned to your case

    _____

5.  Approximate date of filing lawsuit

    _____

6.  Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _____

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    4-28-2017

| | |
|---|---|
| Signature of Plaintiff | _Saml Maldado_ |
| Printed Name of Plaintiff | Samuel Maldonado |
| Prison Identification # | 2017001486 |
| Prison Address | 500 East Adams Street |
| | Jacksonville           FL.         32202 |
| | City              State       Zip Code |

### B.   For Attorneys

Date of signing:    _____

| | |
|---|---|
| Signature of Attorney | |
| Printed Name of Attorney | |
| Bar Number | |
| Name of Law Firm | |
| Address | |
| | City              State       Zip Code |
| Telephone Number | |
| E-mail Address | |

# AMENDED COMPLAINT

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

JURY TRIAL DEMANDED

SAMUEL MALDONADO
PLAINTIFF

V.

COUNTY OF DUVAL (JSO) D.O.C.
A POLITICAL SUBDIVISION; SHERIFF MIKE
WILLIAMS, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITIES; AND F.D WILLIAMS, G. AUGUSTINE,
J.M PERKINS,AND CHAPLAIN,AND DOES 1
THROUGH 2 INTHEIR INDIVIDUAL AND
OFFICIAL CAPACITIES

CASE NO 3:17-CV-160-J-20JBT

FIRST AMENDED

COMPLAINT FOR DAMAGES

Plaintiff **SAMUEL MALDONADO** alleges as follows:

## Jurisdiction and Venue

1. This action arises under 42 U.S.C. 1983, the laws and Constitution of the United States, and the laws and Constitution of the State of Florida. This Court has subject matter jurisdiction under 28 U.S.C. 1331 and 1343, 42 U.S.C. 2000CC-2(A), and directly under the Constitution. This Court has supplemental jurisdiction under 28 U.S.C. 1367 (a)

2. Venue is proper under 28 U.S.C 1391 because a substantial part of the events or omission giving rise to the claims occurred in this district.

## Parties

## Plaintiff

3. Plaintiff Samuel Maldonado is a 43 year old man who resides in New York City with his family. Mr. Maldonado use to work at All Tours and Attraction and is a graduate in New York City were he received a High School diploma. MR. Maldonado is also an advocate for the muslim community in NEW YORK CITY, his last civil rights walk was in 2015 for the sister hajab walk, and is a member of MASJID TAQWAH BROOKLYN were he attends <u>religious services every friday</u>

4. Mr. Maldonado is a practicing Muslim and is and has been an adherent of the Muslim religion (since birth). In accordance with his religious beliefs and as a part of the exercise of his religion, Mr. Maldonado wears a head covering, known as a Kufi.

Defendants

5. Defendant County of Duval is a political subdivision, organized under the laws of the State of Florida. At all times relevant to this Complaint, Defendant Duval County employed Defendant Sheriff and unidentified defendants designated herein as Does The Duval County Sheriff's Department JSO D.O.C. Is a department of Duval County. On information and belief, the JSO DOC. receives federal financial assistance as well as financial assistance from the State of Florida.

I

6. Defendant Doe 1 was the officer of the Duval Detention Center of the JSO DOC on January 17, 2017. In this capacity he and other staff at one of the county jails in Florida, with a capacity of more than 3000 inmates. The Duval Detention Center boasts that inmates receive services including "religious services." See Jacksonville Sheriff's Office Department of Corrections orientation hand book page 9 Chaplain services p-0344 revised 09/2015 see page one also, true name of Defendant Doe 1 is unknown to Plaintiff, Plaintiff sues that Defendant through a fictitious name. Plaintiff will seek leave to amend this Complaint, if necessary, to reflect Defendant Doe 1's true name once it has been ascertained. Prior to and on January 17,2017, Defendant Doe 1 acted within the scope of his employment and under color of law. He is sued in both his individual and official capacities.

7. Defendant Mike Williams is the Sheriff of Duval County. As such, he has overall supervisory responsibility for the policies and procedures of the (JSO) DOC are in accordance with all Federal, State, and municipal laws to corrections, At all times relevant to this Complaint, he was acting within the scope of his employment and under color of law. He is sued in both his individual and official capacities.

8. Defendants and Doe1 are persons who engaged in, were aware of, participated in, and/or directed the acts alleged herein. At all times relevant to this Complaint, Defendants were acting within the scope of their employment and under color of law. Does 1 and G.Augustine and F.D. Williams are sued in both their individual and official capacities.

9. On information and belief, each of the Defendants, whether named or designated a Doe, was, in whole or in part, Legally responsible for the denial of Plaintiff's right to practice his religion, in violation of the laws complained under herein.

# **INTRODUCTION**

10. By this Complaint, Plaintiff Samuel Maldonado seeks relief from the substantial burdens that Duval County, its officers, and its agents unlawfully imposed on the practice of his religion. Mr Maldonado is a practicing Muslim American who was denied the rights to wear his religious head covering by the JSO DOC and defendant officers while

in a 90 day long and still counting at Duval Detention Center. Defendants refused to allow Mr. Maldonado to wear his religious head covering (Kufi) even though they could have searched him in private and allowed him to continue wearing it following the search without any valid security concerns. As a result of the Foregoing deprivations of the free exercise of his religion, Samuel Maldonado suffered sever discomfort, humiliation, and emotional distress.

## FACTUAL ALLEGATIONS

### Plaintiff's Religious Practice of Wearing a Kufi

11. Many Muslim men wear a head covering, also known as a Kufi or a religious head cover, in accordance with their religious beliefs that are based on their understanding of the Koran (QUR'AN), the primary holy book of the Muslim religion, the hadith (or ahadith), oral traditions coming from the era of the Prophet Mohammed, and other religious texts and interpretations. 12. As part of his religious faith and practice, Samuel Maldonado wears a Kufi, covering his hair, and when he is at home.

13. Mr. Maldonado has studied religious texts, thought deeply, and prayed about his practice of covering his head and hair. To Mr. Maldonado wearing a Kufi is a reminder of his faith, of the importance of peace, renewal or protection of the mind in his religion, and of his religious obligations, as well as a symbol of his own control over who may see him without a head covering (Kufi). Mr. Maldonado has had his head uncovered for more then 90 days and that is a serious breach of faith and religious practice, and a deeply humiliating, violating, and defiling experience that substantially burdens his religious practice.

14. Once at the Duval Detention Center, a county jail in Duval County, extradition officers left Mr. Maldonado with 1 female officer and 2 male stood about 10 feet away from him , apparently filling out paperwork, and looking in Mr. Maldonado property bag. The male officer told Mr. Maldonado to take various items off, and he inventoried those items. The officer doe 1 then told Mr. Maldonado to take off his Kufi. Mr. Maldonado responded that he could not take it off and that he wore if for religious reasons. IN response, the male officer hesitated for a moment but then told Mr. Maldonado again to take of the Kufi. Mr. Maldonado repeated his response, but Mr. Maldonado was told to take it off and the property room would give it back. The female officer was mad and upset that MR. Maldonado had religious property that came

3

from New York city, her response correction officer F.D. Williams was "I don't give a shit". This statement surprised Mr. Maldonado because he had explained to the 3 officers in the search area, wearing the Kufi was a religious practice. The male officer G. Augustine told Mr. Maldonado that he did not care and that Mr. Maldonado must take off the Kufi in here this officer did not even want MR.Maldonado to have his (QUR'AN). The officer told Mr. Maldonado that he has to see the property room officer .

15. In response, Mr. Maldonado allowed the officer to remove his Kufi, Mr. Maldonado felt violated, exposed, and humiliated because he was forced to remove his Kufi in violation of his religious beliefs and practices.

16. Mr. Maldonado was not given any explanation by the officer, or by anyone else thereafter, for why he was not permitted to wear his Kufi. The officer then required Mr. Maldonado to stand facing a wall, and the officer searched Mr. Maldonado in a pat-down. Mr. Maldonado hoped that he would get the Kufi back once the search was over, but the officer did not return his Kufi to him. No contraband or weapon was found under the Kufi or anywhere else on Mr. Maldonado.

17. The male officer finished searching Mr. Maldonado person. He then told Mr. Maldonado to go to the property room office and get dressed, The property room officer I.D.# 7319 glc, also refused to give Mr. Maldonado his Kufi back, and by doing so denied Mr. Maldonado the right to practice his beliefs, Mr. Maldonado asked a different male officer if he could have his Kufi back, and he was told he has to send a request to the Chaplain which was no help at all on getting Mr Maldonado Kufi back MR.Maldonado kufi was taken and place in his property receipt shelf#2926

18.In the aftermath of the incident, Mr. Maldonado remained distressed by what had happened, including being forced to remove his Kufi. He cried a great deal and experienced humiliation, a sense of having had both his religious beliefs and personal integrity violated, according to his religious beliefs.

## DEFENDANTS CULPABILITY

19. On information and belief, Defendants Duval County and its employees and agents prohibited Plaintiff from wearing his religious head covering pursuant to JSO DOC County

custom, practice , or official policy. Alternatively, based on information and belief, Defendants

Duval County and its employees and agents prohibited Plaintiff from wearing his religious head

covering, (Kufi) pursuant to a custom, practice, or official policy implemented by the JSO DOC,

Defendants who work at the Duval Detention Center on January 17,2017. and Defendant Mike

Williams Sheriff, or other officers employed by Duval County and/or the JSO, which was

ratified by Duval County or which Duval County failed to address.

20. Specifically, the JSO DOC has informed Plaintiff that it is the practice in jails

managed by the JSO County Sheriff's Department to required all inmates "to remove any head

covering when they are searched during the jail intake process," and to receive this head

covering back, whether "religious or otherwise," only upon "that individual's release from

custody." NO exception or accommodation is made for religious head coverings.

21. In contrast to the JSO DOC policy, custom or practice prohibiting the use of

religious head covering, **the Federal Bureau of Prisons has enacted a policy regarding**

**" religious head wear" providing that Kufi and head wraps (hijabs) are appropriate for**

**male and female inmates..." U.S. Dep't of Justice, Federal Bureau of Prisons, Program**

**Statement re: Religious Beliefs and Practices (Dec/ 31,2004), available at**

**http://www.bop.gov/policy/progstat/5360_009.pdf. The federal policy authorizes male or**

**female Muslim inmates to wear Kufi or Hijab and it states that "such religious head wear is**

**worn throughout the institution." ID. The policy is intended to protect "the religious rights**

**of inmates of all faiths" while maintaining "the security and orderly running of the**

**institution." Id.** 22. In contrast to the policy, custom, or practice prohibiting the use of

religious head covering in JSO, DOC jails including the Duval Detention Center, other States

have, like the Federal Bureau of Prisons, enacted policies regarding religious head wear. The

Kentucky Department of Corrections, for example, permits "[s]carves, and Kufi head wraps to be

authorized for male and female inmates who have identified a religious preference of Muslim,

Jewish, Native American, Rastafarian and those of the orthodox Christian tradition." This

includes the "Kufi." Kentucky Corrections, Policies and Procedures, Policy No. 23.1, at 5 (filed

Jan.9, 2007). The New York Department of Correctional Services  permits inmates to wear

religious head coverings.  Approved religious head coverings include the Kufi ,Hijab and

"khimar" - a "cloth head covering (not to cover the face) for male and female members of the

Islamic faith. State of New York, Dep't of Correctional Servs., Directive No. 4202, at 6-7 (May 12, 2004 last revised April 24, 2007).

23. Defendants prohibition on Plaintiff's use of a religious head covering kufi pursuant to the above-described custom practice, or policy violated Plaintiff's right to the free exercise of his religion, violated his rights under federal law, violated his rights under the Florida Constitution and laws, and caused him extreme mental and emotional distress.

24. On January 17, 2017, the day of the events that from the basis of this Complaint, Defendants and Sheriff manages and supervises the JSO, DOC and the Duval Detention Center of the JSO DOC and all officers working therein, including the I.T.R. officers (Doe1) who had contact with Plaintiff at the Duval Detention Center on January 17, 2017.

25. On information and belief, Defendants and Sheriff directed officers, including Does 1 through 2, to prohibit the wearing of religious head coverings such as the Kufi by inmates in the Duval Detention Center of the (JSO) (DOC).

26. On information and belief, Defendants Doe 1 and Sheriff at Duval Detention Center of the (JSO) DOC, and of all officers, including Does 1 and the doe 2 property officer working therein, were aware or should have been aware that officers, including Does 1 through 2, engaged in the practice of prohibiting the wearing of religious head coverings such as a Kufi, and that such prohibition would violate Plaintiff's right to free exercise of religion, violate his rights under federal and state law, and cause him extreme mental and emotional distress.

27.Defendants and Sheriff, however, failed to prevent all officers, including Does 1 through 2, from prohibiting Samuel Maldonado from wearing his religious Kufi, either by training those officers, exercising their control over those officers, or adequately supervising those officers. Nor did Defendants Doe 1 and Sheriff, having knowledge of those officers prohibition on the wearing of religious head coverings, remediate or redress those officers conduct.

28. Defendants had no reasonable basis to believe that their actions in prohibiting Mr. Maldonado from practicing his religion were lawful. The right that he sought to exercise and the fact that Defendants actions violated that right were clearly established and well settled law as of December 7, 2005. In particular as detention officials, Defendants and Sheriff should have

known about the clearly established law prohibiting Defendants from imposing a substantial burden on religious exercise in the absence of a compelling government interest. Accordingly, defendants and Sheriff and policies set by JSO DOC should have known that causing or allowing subordinate officers, to prohibit Plaintiff from wearing his religious Kufi would violate Samuel Maldonado right to the free exercise of his religion, violate his rights under federal and state law, cause him extreme mental and emotional distress, and would subject them to liability in their individual and official capacities.

29. In failing to adequately train, control, and supervise its officers and in failing to implement a policy, such as the federal Bureau of Prisons Policy, that safeguards the religious rights of inmates such as Plaintiff, Defendants and Sheriff Demonstrated reckless indifference to Plaintiff's constitution rights.

30. In requiring Plaintiff to remove his Kufi after being told that Plaintiff wore the Kufi for religious reason, defendant JSO DOC and all officers as well as (Does 1 through 2) acted with reckless indifference to Plaintiff's constitutional rights.

# FIRST CLAIM

## Violation of Religious land Use and Institutionalized Persons Act

## 42 U.S.C. 2000CC et seq. (Against all Defendants)

Plaintiff incorporates the above paragraphs as through fully set forth here.

30. Under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. 2000cc-1, " NO government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution... Even if the burden results from a rule of general applicability, unless the government demonstrated that imposition of the burden on that person-(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest."

31. By their actions described above, including by requiring Plaintiff to remove his religious Kufi head covers and by prohibiting Plaintiff from covering his head with his Kufi, Defendants imposed a substantial burden on Plaintiff's religious exercise in that they forced Plaintiff to violate a fundamental tenet of his faith and a Central component of his religious

practice. That substantial burden neither furthers a compelling governmental interest nor is the least restrictive means of furthering a compelling governmental interest.

32. Accordingly, Defendants have violated Plaintiff's rights under RLUIPA. As a result of Defendant's conduct, Samuel Maldonado suffered, and continues to suffer, extreme, humiliation, mental anguish, and emotional distress.

## SECOND CLAIM

### Violation of the First Amendment

### 42 U.S.C 1983 (Against All Defendants)

34. Plaintiff incorporates the above paragraphs as though fully set forth here.

35. The First Amendment to the United States Constitution provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof ..."

36. By their actions described above, including by forcing Plaintiff to remove his Kufi and by prohibiting Plaintiff from covering his head with his Kufi, Defendants denied Plaintiff the right to free exercise of religion, as guaranteed by the First Amendment to the Constitution of the United States and Incorporated against the States through the Fourteen Amendment.

37. As a result of Defendants conduct, Samuel Maldonado suffered, and continues to suffer, extreme humiliation, shame, mental anguish, and emotional distress.

## THIRD CLAIM

### Violation of the Florida Constitution (Against All Defendants)

38. Plaintiff incorporates the above paragraphs as though fully set forth here.

Florida Constitution provides: "Free exercise and enjoyment of religion without discrimination or preference are guaranteed." By their actions described above, including by forcing Plaintiff to remove his religious Kufi and by prohibiting Plaintiff from covering his head with is religious Kufi, Defendants denied Plaintiff the right to the free exercise of religion and to the free exercise of his religion without discrimination , as guaranteed by Florida Constitution.

39.  As a result of Defendants conduct, Samuel Maldonado suffered, and continues to suffer, extreme shame, humiliation, mental anguish,and emotional distress, Mr. Maldonado religion and rights are still being violated till this day, he is still with out his Kufi.

# FOURTH CLAIM

## Violation of Civil Rights (Against All Defendants)

40. Plaintiff incorporates the above paragraphs as though fully set forth here.

41.Civil Code provides a civil action for damages for a person whose enjoyment of federal or state rights has been interfered with by a person who, whether  or not acting under color of state law, interferes with that right by threats, intimidation, or coercion.

42.  By their actions described above,  Defendants have unlawfully interfered with Plaintiff's federal and state rights to the free exercise of his religion in violation of Florida Constitution.  These rights are guaranteed to Plaintiff by the First Amendment of the United States Constitution and by the First Amendment of the United States Constitution and by the Constitution of the State of Florida. As a result of Defendants, coercion, or intimidation, Plaintiff was harmed in that he was forced in violation of his religious beliefs, and Plaintiff was also harmed in that he suffered emotional distress as a result of Defendants actions described above.

# PRAYER FOR RELIEF

43. Plaintiff therefore respectfully request that the Court enter a judgment, including, but not limited to:

    a.      Compensatory damages in a amount to be proven at trail:

    b.      Punitive damages in an amount to be proven at trail;

    c.      Nominal damages;

    d.      Costs and reasonable attorney's fee; and

    e.      Such additional and further relief as the Court deems just and  equitable.

    f.      Plaintiff also respectfully requests the court to appoint counsel

**ADDITIONAL COMPLAINTS AND RELATED MATTERS OTHER FIRST AMENDMENT VIOLATIONS NO RELIGIOUS SERVICES FOR THE MUSLIM COMMUNITY, AND WE ARE NOT BEING ABLE TO RECEIVE RELIGIOUS PRAYER RUGS OR KUFI'S IN THE MAIL AND OTHER CONSTITUTIONAL ABUSES AGAINST THE MUSLIM COMMUNITY**

1. The Chaplain is also responsible for providing religious services for the Muslim community and Ramadan which a is a holy month for all Muslims around the world, these religious beliefs have also been denied. The last time MR.Maldonado seen the chaplain was in the hall way and MR.Maldonado ask about getting his kufi back he was told its way above his head. As of march, 22. 2017 Mr. Maldonado has sent 30 request and grievance as well as 10 request to see someone of   MR. Maldonado religious faith. MR.Maldonado has also been denied, the religious use of his (MUSLIM PRAYER RUG) which he uses to preform his religious salat (prayer). The Arabic word salat linguistically means supplication, but ritually is the performance of a set, and regular physical routine with the recitation of verses from the Muslim (QUR'AN) etc...each and every Muslim,male or female is obliged to offer his prayers five times a day at specified times, MR. Maldonado as well as other Muslim detainees at the Duval (D.O.C) have been denied their religious rights to use there prayers rugs, and as per MS. J.M. Perkins mail officer, she refuses to give any practices Muslim any prayer rugs that come in the U.S. Postal service Mail, her actions also denied Muslim detainees to freely exercise their religious beliefs, and practices by prohibiting religious prayer rugs and kufi's, this is also a fundamental tenet of the Muslim faith, And on information from other officers, one lieutenant,two sergeants and other officers this type of religious violation, not letting male of female **Muslims** have there **religious head covering and religious prayer rugs** has been going on for years which is unacceptable to Muslim beliefs and practices. MR.Maldonado has also sent a request to the chief of D.O.C to fine out why his religious beliefs are being violated everyday with no response from the chief, This request was giving to MS.sergeant peoples mail grievance officer during a grievance response, MR.Maldonado submitted about the mail.   Furthermore as of march 30, 2017 about 8am while at the law library, that can be verified by way of (CCTV) another Muslim detainee religious beliefs were violated, after taking with another

detainee and the officer that runs the law library the Muslim detainee was giving a (DR) because he refused to remove his religious head cover (KUFI), Duval county and its officer continue to vindictively,aggressively attack Muslim religious beliefs and violate their civil rights to practice their faith, it is well known, **The muslim religious is over 1400 years** old, Duval county and its officers have with bias deprived Muslims of their religious beliefs to freely practice their faith (ENOUGH IS ENOUGH) MR. Maldonado will seek the help of the **(SPECIAL LITIGATION SECTION CIVIL RIGHTS DIVISION U.S. DEPARTMENT OF JUSTICE)** And other community Muslim leaders if nothing is done about this widespread constitutional abuses MR. Maldonado religious beliefs are being disseminated against everyday by duval county and its officers, because of Illegal policies and procedures made by (JSO/DOC Mike Williams Sheriff) are not in accordance with all Federal, State, and municipal laws to corrections. At this point its clear to see that the Muslim community is being vindictively denied there religious beliefs and practices, furthere more their is no religious Friday service, for male and female (Muslim)...which is also a violation of Muslim beliefs and religious practices.

## Other emotional violations

Not being able to get pictures in the mail of family members and love ones

Pictures of for emotional support as well as mental and love support Duval county jail will not allow detainees to have pictures of there kids and family i believe there acts by the jail and mail officers are unconstitutional and causing deep emotional pain and sadness