UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SAMUEL MALDONADO,

    Petitioner,

vs.                                    CASE NO.: 3:17-cv-160-J-20-JBT

DEPARTMENT OF CORRECTIONS,
MIKE WILLIAMS, Sheriff, et al.,

    Respondents.
_____/

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants (properly referred to as "the City"), Department of Corrections, Sheriff Mike Williams, Officer F.D. Williams, Officer G. Augustine, Officer J.M. Perkins, "Chaplain," and "John Doe" defendants one and two, hereby answer and defend the "Third Amended Complaint" ("complaint," Doc. 10) in the above-entitled action and, in response to the paragraphs as they appear in the complaint, state and allege as follows:

    1.    Admitted that the Court has jurisdiction over claims under 42 U.S.C. § 1983, but denied that the complaint states a claim for relief.

    2.    Admitted for purposes of venue only; any implication of liability is denied.

    3.    Defendants are without knowledge, and therefore denied.

    4.    Defendants are without knowledge, and therefore denied.

    5.    Defendants admit Mike Williams is the Sheriff of Jacksonville and responsible for the operations at the Jacksonville Sheriff's Office, and the Defendants were acting in their official capacities only. Otherwise denied as to any allegation or implication of liability.

6.  Defendants are without knowledge as Plaintiff has failed to name "Doe 1" as a defendant, and therefore denied. Admitted that inmates can practice their religion, otherwise all implications of liability are denied.

7.  Defendants admit Mike Williams is the Sheriff of Jacksonville and responsible for the operations at the Jacksonville Sheriff's Office, and the Defendants were acting in their official capacities only. Otherwise denied as to any allegation or implication of liability.

8.  Without knowledge, and therefore denied. Plaintiff has failed to name the defendants.

9.  Denied.

10. Denied.

11. Without knowledge, and therefore denied.

12. Without knowledge, and therefore denied.

13. Without knowledge, and therefore denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. JSO policies speak for themselves, otherwise denied.

20. JSO policies speak for themselves, otherwise denied.

21. The polices referred to in paragraph 21 speak for themselves, otherwise denied.

22. The policies referred to in paragraph 22 speak for themselves, otherwise denied.

23. Denied.

24. Defendants admit Mike Williams is the Sheriff of Jacksonville and responsible for the operations at the Jacksonville Sheriff's Office. Otherwise denied as to any allegation or implication of liability.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied

### FIRST CLAIM

Defendants incorporate all responses set forth above.

30. [misnumbered] The Act speaks for itself, otherwise denied.

31. Denied.

32. Denied.

### SECOND CLAIM

34. [misnumbered] Defendants incorporate all responses set forth above.

35. The First Amendment speaks for itself, otherwise denied.

36. Denied.

37. Denied.

### THIRD CLAIM

38. Defendants incorporate all responses set forth above. The Florida Constitution speaks for itself, otherwise denied.

39. Denied.

### FOURTH CLAIM

40. Defendants incorporate all responses set forth above.

41. The "Civil Code" provisions speak for themselves, otherwise denied.

42. Denied.

## PRAYER FOR RELIEF

43. Defendants deny each and every request for relief in a-f of paragraph 43.

Defendants further deny each and every allegation set forth in "Additional Complaints and Related Matters" on page 23 of the complaint. Defendants also deny each and every allegation set forth in the paragraph entitled "Other emotional violations" on page 24.

Any and all allegations not specifically admitted herein are hereby denied.

## AFFIRMATIVE, SPECIAL AND/OR ALTERNATIVE DEFENSES

1. Defendants allege that Plaintiff's Complaint (Doc. 10) and each alleged claim for relief therein fails to state a federal claim for relief against the Defendants upon which relief can be granted.

2. The City is entitled to attorneys' fees and costs pursuant to 42 U.S.C. §§1988, 3613, or 12205.

3. Defendants Mike Williams, all of his officers, and "Chaplain" are entitled to qualified immunity for their actions.

4. Plaintiff has not alleged a basis for compensatory or punitive damages.

5. Plaintiff is *pro se* and has not alleged a basis for attorney's fees.

6. Plaintiff failed to mitigate his damages.

7. The Jacksonville Sheriff's Office "Dep. of Corr." is not an official entity that can be subject to suit. Moreover, Plaintiff has improperly sued "John Doe" defendants.

8. The City's policies, procedures, and conduct at its jail facility meet constitutional requirements, and Defendants did not violate Plaintiff's rights to practice his religion in any way.

9. Defendants reserve the right to assert other defenses or to further allege additional facts to substantiate the defenses asserted herein as discovery proceeds, or both.

Respectfully submitted,

**OFFICE OF GENERAL COUNSEL**

*/s/ Craig D. Feiser*
Craig D. Feiser
Assistant General Counsel
Florida Bar No. 164593
Michael B. Wedner
Senior Assistant General Counsel
Florida Bar No. 0287431
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
Telephone:  (904) 630-1700
Facsimile:  (904) 630-1316
cfeiser@coj.net
mwedner@coj.net
Attorneys for Defendants

## C**ERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 26th day of January 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and sent the foregoing via U.S. Mail to: Samuel Maldonado (2017001486), Pre-trial Detention Facility, 500 E. Adams Street, Jacksonville, FL 32202.

*/s/ Craig D. Feiser*
Craig D. Feiser
Assistant General Counsel